STEPHEN GYARFAS, APPELLANT, v. MAX KARPF, APPELLEE.

MAX KARPF, APPELLEE, v. STEPHEN GYARFAS, APPELLANT.

Argued June 4, 1912—Decided November 11, 1912.

Where, in an action of replevin, the defendant interposed as a defence that he was entitled to retain the possession of the chattel replevied, by reason of a lien in his favor, arising out of repairs placed upon such chattel by him, and the record of a former suit between the same parties was offered in which recovery had been sought for the value of such repairs, and judgment had passed for the defendant therein—*Held*, that the maintenance of the defence that the defendant had such lien was dependent upon some amount being due for such repairs, and that that identical point, having been litigated in the former suit between the parties, in a court of competent jurisdiction, the resulting judgment possessed all the elements of estoppel by record, and precluded the defendant in replevin from setting up such defence.

On appeal from the Second District Court of Newark.

Before Justices SWAYZE, VOORHEES and KALISCH.

For the appellant, *Michael J. Tansey.*

For the appellee, *Lowy, Lowenstein & Leber.*

The opinion of the court was delivered by

VOORHEES, J. These are counter-suits between the same parties brought here by appeal from the judgments entered therein in the District Court. They have been argued in this court together.

In the first case, the plaintiff, Stephen Gyarfas, brought suit against the defendant in the court below, for repairing the defendant's automobile, for materials furnished for such repairs and for storage. The case was tried by the court without a jury and judgment was rendered for the defendant October 30th, 1911.

There is only one ground specified for reversal, entitled to be considered, which is, that "there was no evidence from which the court could find for the defendant." The judge has sent here a state of the case, settled by him. The appellant has not caused the testimony to be returned.

The findings of fact of the trial court are conclusive, if there be any evidence to support them, and it has not been made apparent to this court that there was no such evidence. Without the establishment of this particular, no error of law is shown, and hence there can be no appeal. The judgment in this case will therefore be affirmed.

The case in which Mr. Gyarfas was the defendant is an action of replevin, instituted three days after the judgment had been rendered in the first case. The writ was sued out to obtain possession of the same automobile upon which the repairs involved in the former suit had been placed.

It was a jury trial and a verdict was directed for the plaintiff.

The defendant alleged that he was entitled to retain the possession of the machine, by reason of a lien arising out of such repairs. The record of the former case was offered, and was conclusive as between the parties that nothing was due for repairs.

The maintenance of this defence was dependent upon some amount being due for the repairs. This identical point had been litigated in the first suit between the same parties by a court of competent jurisdiction. The judgment ensuing had all the elements of estoppel by record, and the subject-matter was not open for a retrial. The direction was proper.

The evidence excluded related to the repairs and storage involved in the first suit, and was, of course, objectionable, for the reasons above stated.

A final point made is that the court erred in refusing to permit the defendant "to file a demand for the return and avowry of detaining the automobile." It is without merit. If such a technical pleading had been required in the District Court, the filing of it would not have overcome the force and effect of the former recovery.

The judgment will be affirmed.